B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Colette McDougall, Richard W. Colburn, Carol Colburn Grigor and Keith W. Colburn | DEFENDANTS Anthony Joseph Pellicano |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) JEFFREY S. SHINBROT, APLC; Jeffrey S. Shinbrot, Esquire 15260 Ventura Blvd.,# 1200, Sherman Oaks, CA 91403 310-659-5444; jeffrey@shinbrotfirm.com | ATTORNEYS (If Known) Reeder Law Corporation; David M. Reeder, Esquire 1801 Century Park East 16th Floor Los Angeles, CA 90067 310-774-4060 |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor      ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor      ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Exception to Discharge of Debt for Willful and Malicious Injury to Another 11 USC Section 523(a)(6).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought Judgment declaring that the Plaintiffs' claims against Defendant are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6); Excepting from discharge the Superior Court Judgment and all related obligations of Pellicano to Plaintiffs.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Anthony Joseph Pellicano | BANKRUPTCY CASE NO.<br>2:22-bk-10059-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>4-1-2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Shinbrot, Esquire | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY S. SHINBROT, APLC<br>JEFFREY S. SHINBROT [SBN NO. 155486]<br>jeffrey@shinbrotfirm.com<br>15260 Ventura Blvd., Suite 1200<br>Sherman Oaks, CA 91403<br>Telephone:  (310)659-5444<br>Fax:  (310)  878-8304<br>Email: jeffrey@shinbrotfirm.com<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - **LOS ANGELES DIVISION**

| In re:<br>ANTHONY JOSEPH PELLICANO<br><br><br><br>Debtor(s). | CASE NO.: **2:22-bk-10059-BB**<br><br>CHAPTER: **7**<br><br>ADVERSARY NO.: |
|---|---|
| COLETTE MCDOUGALL, RICHARD W. COLBURN, CAROL COLBURN GRIGOR, AND KEITH W. COLBURN<br><br><br><br>Plaintiff(s)<br>Versus<br>ANTHONY JOSEPH PELLICANO<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _1539_____ | **Address:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⬜ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⬜ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

⬜ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____        _____
*Date*                    *Printed Name*                  *Signature*

_____

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

SEGAL LAW GROUP
LAWRENCE SEGAL [BAR NO. 101339]
ANDREW D. SHUPE [BAR NO. 240635]
9100 Wilshire Boulevard, Suite 616E
Beverly Hills, California 90212-3557
Telephone: (310) 550-4840
Facsimile: (310) 550-4848
Email: lawrence@legalsegal.com
Email: andrew@legalsegal.com

JEFFREY S. SHINBROT, APLC
JEFFREY S. SHINBROT [SBN NO. 155486]
jeffrey@shinbrotfirm.com
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone:  (310)659-5444
Fax:  (310)  878-8304
Email: jeffrey@shinbrotfirm.com

Counsel for Creditors Colette McDougall,
Richard W. Colburn, Carol Colburn Grigor
and Keith W. Colburn

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY JOSEPH PELLICANO,<br><br>Chapter 7 Debtor. | Case No.:  2:22-bk-10059-BB<br>Chapter 7<br>Adv. No.: _____ |
| COLETTE MCDOUGALL, RICHARD W. COLBURN, CAROL COLBURN GRIGOR, AND KEITH W. COLBURN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY JOSEPH PELLICANO,<br><br>Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT FOR WILLFUL AND MALICIOUS INJURY TO ANOTHER [11 U.S.C. § 523(A)(6)]** |

1

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

1

2      Plaintiffs Colette McDougall ("Colette"), Richard W. Colburn ("Richard W"), Carol

3 Colburn Grigor f/k/a Carol Colburn-Hogel ("Carol") and Keith W. Colburn ("Keith")

4 (collectively, "Plaintiffs") allege as follows:

5                          **JURISDICTION AND VENUE**

6      1.      This action arises in a case under Chapter 7 title 11 of the United States Code

7 (the "Bankruptcy Code), entitled In re ANTHONY JOSEPH PELLICANO which has been

8 assigned case number 2:22-bk-10059-BB which is pending in the United States Bankruptcy

9 Court, Central District of California, Los Angeles Division (the "Bankruptcy Case").

10     2.      The Bankruptcy Case was filed on January 6, 2022 (the "Petition Date"), by

11 Anthony Joseph Pellicano ("Pellicano" or "Defendant").

12     3.      The Court has jurisdiction over this adversary proceeding pursuant to 28

13 U.S.C. §§157 and 1334(b), 11 U.S.C. § 523(a) and U.S. Bankruptcy Court General Order

14 266.

15     4.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (2)(I).

16     5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

17     6.      Plaintiffs consent to the entry in this action of final orders or judgment by the

18 Bankruptcy Court.

19

20                                  **PARTIES**

21     7.      Plaintiffs are judgment creditors of Defendant, holding unsecured claims in the

22 aggregate principal amount of $6,553,082.90, as of April 1, 2022, inclusive of post-judgment

23 interest, and as reduced by sums collected from a co-conspirator/co-judgment debtor.

24     8.      Colette, an individual, is and at all times relevant was a resident of the County

25 of Los Angeles, State of California.  Colette is a judgment creditor of Defendant with an

26 unsecured claim in the principal amount of $1,499,356.03, as of April 1, 2022, inclusive of

27 post-judgment interest, and as reduced by sums collected from a co-conspirator/co-judgment

28 debtor.

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

9.      Richard W, an individual, is and at all times relevant was a resident of the State of Illinois.  Richard W is a judgment creditor of Defendant with an unsecured claim in the principal amount of $2,841,623.71, as of April 1, 2022, inclusive of post-judgment interest, and as reduced by sums collected from a co-conspirator/co-judgment debtor.

10.     Carol Colburn Grigor, an individual, is a resident of Dublin, Ireland.  Carol is a judgment creditor of Defendant with an unsecured claim in the principal amount of $614,089.46, as of April 1, 2022, inclusive of post-judgment interest, and as reduced by sums collected from a co-conspirator/co-judgment debtor.

11.     Keith, an individual, is and at all times relevant was a resident of the State of Illinois.  Keith is a judgment creditor of Defendant with an unsecured claim in the principal amount of $1,598,013.70, as of April 1, 2022, inclusive of post-judgment interest.  Keith's claim has not been reduced by any payment received against the judgment.

12.     Defendant, an individual, is and at all times relevant was a resident of the State of California, and the Debtor in the instant chapter 7 bankruptcy case.

## FACTUAL BACKGROUND

### Relationships to Richard D. Colburn

13.     The late Richard D. Colburn ("Richard D") was an entrepreneur and well-known Los Angeles philanthropist who, among other things, endowed the Colburn School in downtown Los Angeles.  At all relevant times, Richard D lived at 1120 La Collina Drive, Beverly Hills, California (the "Residence").

14.     At all relevant times, Colette was employed as either the personal assistant to Richard D or the property manager for the Residence and, in that capacity, Colette reported to Richard D.

15.     Richard W and Keith are the adult sons of Richard D.

16.     Carol is the adult daughter of Richard D.

17.     In May 1998, Jacqueline Ann Colburn, a/k/a Jacqueline Ann Gasser ("Jacqueline"), then 38 years old, married Richard D, then 85 years old, and thereby became Richard D's eighth wife.

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

**<u>Wiretapping and Recording of Calls</u>**

18.    Approximately 18 months later, in or around December 1999, Jacqueline retained a divorce attorney who suggested that Jacqueline hire the services of a private investigator, Debtor and Defendant Anthony Pellicano.  In mid-December 1999, Jacqueline met directly with Pellicano in the presence of her divorce attorney, but initially declined to hire him at that time.

19.    By bribing Pacific Bell employees to provide access to proprietary phone company systems and databases, Pellicano was able to place wiretaps on the telephone landlines serving the Residence (including those serving Richard D's home office at the Residence).  Pellicano used the wiretaps to intercept incoming and outgoing calls to and from the Residence and utilized proprietary software called TeleSleuth to record the intercepted telephone conversations and to store those recordings on computer hard drives at Pellicano's office.  The TeleSleuth wiretapping software, once implemented, automatically recorded all incoming and all outgoing calls on the wiretapped telephone lines.

20.    In late-December 1999, Pellicano called Jacqueline and invited her to his office in Beverly Hills.  He told Jacqueline that he had something of interest that she should hear. When she arrived, Pellicano played an audio recording of Richard D and another woman engaged in a telephone conversation of a graphic sexual nature.  Jacqueline promptly hired Pellicano, paying him with two checks, both dated December 29, 1999, totaling $15,000.

21.    Over the course of approximately two and one-half weeks thereafter, Jacqueline returned each day to Pellicano's office, and with the assistance and knowledge of Pellicano and Pellicano's employees, utilized headphones to listen to recorded calls to and from the Residence.

22.     In January 2000, contemporaneously with her then daily visits to Pellicano's office, Jacqueline paid Pellicano an additional $100,000 by way of a cashier's check dated January 6, 2000.

23.    In addition to paying him cash totaling at least $115,000, Jacqueline gave Pellicano jewelry worth an estimated $500,000.  In January 2000, she further confirmed

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

Pellicano's retention as her agent by executing a Limited Power of Attorney appointing Pellicano as her "attorney-in-fact." Notably, Jacqueline paid Pellicano and executed the Limited Power of Attorney after becoming aware that Pellicano was engaging in illegal wiretapping of the Residence.

24.     From December 1999 through at least August 2000, Pellicano's remote wiretapping system recorded all calls to and from the Residence, day and night, including hundreds of private calls between and among Plaintiffs, on one hand, and Richard D and others at the Residence, including calls involving business associates, doctors, lawyers and other advisors and confidantes. Pellicano and Jacqueline at all times kept their eavesdropping and recordings secret from Plaintiffs.

25.     In May 2000, Jacqueline filed for divorce from Richard D, and she moved out of the Residence in or around August 2000.

26.     Jacqueline boasted to one of her massage therapists that she had hired the "best investigator in Los Angeles" who was wiretapping the Residence (both before and after she vacated the Residence) to obtain information that would be advantageous to her in her divorce from Richard D. Such admissions establish that the wiretapping and recording of calls to and from the Residence continued through at least August 2000. An initial marital settlement agreement was entered by Jacqueline and Richard D in October 2000, and Pellicano continued to act on Jacqueline's behalf until at least the execution of that marital settlement agreement.

## **FBI Raid**

27.     In late 2002, the FBI raided Pellicano's offices and found hand grenades, plastic explosives, large amounts of cash and jewels, and a room full of computers connected to phone jacks. Agents seized, among other things, records, computers, hardware, files, and other evidence that suggested wide-ranging wiretapping. They then conducted extensive interviews of Pellicano's employees and clients.

28.     The FBI interviewed Jacqueline in May 2003. Jacqueline admitted to the FBI

5

that she: (a) had retained Pellicano, (b) knew of Pellicano's wiretapping of the Residence,

(c) knew that wiretapping is illegal, and (d) never instructed Pellicano to stop.  She also told

the FBI that she had strained relations with Richard W, Carol and Colette, and that Pellicano

told her that she needed to be able to anticipate Richard W's and Carol's next move.  The

FBI contemporaneously memorialized Jacqueline's admissions and statements in an FBI

Form 302 interview report.

### Plaintiffs' Discovery of Pellicano's Illegal Conduct

29.     On May 20, 2007, an article appeared in the New York Times, discussing

Pellicano's extensive history of illegal wiretapping on behalf of "A-list" Hollywood

celebrities and other high-net-worth individuals.  The New York Times reported that

Pellicano and more than one dozen co-conspirators had been arrested.  The subject article

featured a diagram depicting the relationships between Pellicano, his clients, and their

respective wiretapped targets.  The diagram identified and depicted Jacqueline as a Pellicano

client, and Richard D as the wiretapped target in connection with a high-stakes divorce

proceeding.

30.     Plaintiffs read the Times article on or after May 20, 2007, when a third party

forwarded a copy of the article to Richard W.  Plaintiffs had made calls to, and received calls

from, the Residence frequently during the time that Jacqueline was utilizing Pellicano's

services.  Based on the article, Plaintiffs suspected – for the first time – that their calls to and

from the Residence had been secretly wiretapped and recorded.  Plaintiffs retained counsel to

conduct an investigation.

31.     Prior to May 20, 2007, Plaintiffs did not know or have any reason to suspect

that their private and confidential conversations were being recorded.  Plaintiffs never

consented to the recording of their telephone conversations or to allowing anyone to listen to

them.  At all times, Plaintiffs intended for their telephone conversations to be confidential

and not overheard or recorded by anyone.

### Superior Court Action

32.     On December 4, 2007, Plaintiffs filed a civil action in Los Angeles Superior

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

Court against Jacqueline and Pellicano, alleging invasion of privacy under common law, invasion of privacy under of California Penal Code, Part 1, Title 15, Chapter 1.5, including but not limited to sections 631, 632, 632.5, 632.6, 632.7 and 637.2, commonly known as "The Invasion of Privacy Act," and other causes of action.  The action was entitled Colette McDougall et al v. Anthony Pellicano, Jacqueline Colburn, et al. (Case No. BC381720).

33.    On March 25, 2010, Plaintiffs filed a First Amended Complaint in the Superior Court action.

34.    In 2008, a federal jury convicted Pellicano on 67 counts of criminal wiretapping, conspiracy, identity theft, bribery, and RICO violations stemming from his wiretapping and related illegal activities.  The court sentenced him to 15 years in prison. After Plaintiffs personally served Pellicano with the First Amended Complaint, Pellicano failed to respond, and the clerk entered Pellicano's default prior to trial on March 17, 2008.

### Trial and Superior Court Judgment

35.    Over the course of a nine-day jury trial in October 2012, witnesses testified that Jacqueline:  (a) knew of Pellicano's wiretapping and recording of the telephone lines serving the Residence, (b) ratified such conduct, and confirmed his retention as her agent, by paying him, executing a  Limited Power of Attorney to act on her behalf and continuing to utilize his services after learning of his illegal activity, and (c) personally participated in eavesdropping and/or listening to recorded telephone conversations on headphones at Pellicano's office.

36.    The jury rendered special verdicts finding Jacqueline and Pellicano liable to Plaintiffs for common law invasion of privacy, for damages for emotional distress in connection therewith,  for violations of California Penal Code § 631., et seq. and for statutory damages thereunder.

37.    The jury's special verdicts in favor of Plaintiffs established that:

    a.    Plaintiffs' claims were not time-barred under the statute of limitations;

    b.    Plaintiffs each had a reasonable expectation of privacy in their telephone calls to and from the Residence;

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

  c. Pellicano, acting on behalf of Jacqueline, intentionally eavesdropped and recorded Plaintiffs' telephone calls;

  d. Pellicano, acting on behalf of Jacqueline, did so without the call participants' consent;

  e. The intrusions arising from the conduct would be highly offensive to the reasonable person;

  f. The conduct of Pellicano, acting on behalf of Jacqueline, was a substantial factor in causing harm to each Plaintiff;

  g. Pellicano, acting on behalf of Jacqueline, illegally wiretapped eavesdropped upon or recorded Plaintiffs' calls, entitling Plaintiffs to damages measured by a statutory penalty of $5,000 per call;

  h. The conduct of Pellicano, acting on behalf of Jacqueline, was a substantial factor in causing non-economic injury to each Plaintiff, including emotional distress, determined to be $150,000 for each Plaintiff; and

  i. None of the Plaintiffs had discovered, or knew of, facts that would have caused a reasonable person to suspect, that he or she had suffered the claimed harm prior to December 4, 2005.

38. Attached as **Exhibit 1** and incorporated by reference is a true copy of Jury Verdict Form No. 1 rejecting the statute of limitations defense.  Attached as **Exhibit 2** and incorporated by reference is a true copy of Jury Verdict Form No. 2.  Attached as **Exhibit 3** and incorporated by reference is a true copy of Jury Verdict Form No. 3.  Jury Verdict Form Nos. 2 and 3 establish the elements of Plaintiffs' claims of common law and statutory invasion of privacy.

39. On November 19, 2012, based upon the jury's findings and awards, the Superior Court entered judgment (the "Superior Court Judgment") in favor of Plaintiffs and against Jacqueline and Pellicano, jointly and severally, in the amount of $3,972,343.29.  The Superior Court Judgment includes an award of costs in the sum of $77,343.29.  Attached as **Exhibit 4** and incorporated by reference is a true copy of the Superior Court Judgment.

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

Post-judgment interest on the Superior Court Judgment accrues, by California law (Code of Civil Procedure § 685.010), at the rate of 10% per annum.

40.    On or about November 18, 2021, pursuant to a writ of execution, the Los Angeles County Sheriff garnished $145,708.68 from Pellicano's bank account at JP Morgan Chase.

41.    On November 30, 2021, Pellicano filed a Claim of Exemption.  On December 9, 2021, Richard W filed an Opposition to Claim of Exemption.  A hearing on the Claim of Exemption was set for January 7, 2022.

42.    On January 6, 2022, Pellicano commenced the instant voluntary chapter 7 case, triggering an automatic stay of the enforcement of the Superior Court Judgment.

**FIRST CLAIM FOR RELIEF**

(All Plaintiffs against Pellicano for Exception to Discharge of Debt

for Willful and Malicious Injury to Another (11 U.S.C. § 523(a)(6)))

43.    Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 42, above.

44.    At all times relevant, Pellicano undertook intentional wrongful acts, for the benefit of Jacqueline and for his own personal benefit and financial gain.

45.    In wiretapping the Residence and recording telephone calls to and from the Residence, to which Plaintiffs were parties, Pellicano knowingly acted and engaged in a course of conduct which he intended would wrongfully access and record Plaintiffs' private phone conversations for the benefit of his client, Jacqueline, and for his own personal financial gain. .

46.    Pellicano knew that he was engaging in wrongful and intentional conduct on Jacqueline's behalf.  Pellicano's knowledge of the wrongful and intentional conduct was exemplified by his:

a.  Acceptance of extraordinary sums of money and jewelry in exchange for wiretapping and recording Plaintiffs' conversations; and

b.  Providing Jacqueline with access to recordings of Plaintiffs' private third

9

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

party conversations, and otherwise providing her with the illicit benefits of his conduct.

47.     By the above-described conduct, Pellicano intentionally intruded upon the private conversations of Plaintiffs and thereby willfully invaded Plaintiffs' privacy, acted in a highly-offensive and injurious manner,  and caused injury, including emotional distress, to Plaintiffs.

48.     By the above-described conduct, Pellicano violated the provisions of California Penal Code, Part 1, Title 15, Chapter 1.5, including but not limited to sections 631, 632, 632.5, 632.6, 632.7 and 637.2.

49.     Pellicano's conduct set forth herein constituted wrongful acts, done intentionally, which necessarily caused injury to Plaintiffs.

50.     Pellicano's conduct was without just cause or excuse.

51.     The Superior Court Judgment and special verdicts establish the elements of this claim for relief as a matter of law.

52.     Plaintiffs' claims against Defendant should therefore be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request:

a.     Judgment declaring that the Plaintiffs' claims against Defendant are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6); and

b.     Excepting from discharge the Superior Court Judgment and all related obligations of Pellicano to Plaintiffs; and

c.     For costs of suit; and

d.     For such other and further relief as the Court may deem just and proper.

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

1  DATED: April 1, 2022                     SEGAL LAW GROUP

2
                                    By  /s/Lawrence Segal
3                                       Lawrence Segal, Esquire
                                        Counsel for Creditors Colette McDougall,
4                                       Richard W. Colburn, Carol Colburn Grigor
                                        and Keith W. Colburn
5

6  DATED: April 1, 2022                     JEFFREY S. SHINBROT, APLC

7
                                    By  /s/Jeffrey S. Shinbrot
8                                       Jeffrey S. Shinbrot, Esquire
                                        Bankruptcy Counsel for Creditors Colette
9                                       McDougall, Richard W. Colburn, Carol
                                        Colburn Grigor and Keith W. Colburn
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

# Exhibit 1



FILED
LOS ANGELES SUPERIOR COURT

OCT 19 2012

JOHN A. CLARK, CLERK
BY ANTONIO ORTIZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COLETTE McDOUGALL, an individual, )<br>RICHARD W. COLBURN, an )<br>individual, and CAROL COLBURN- )<br>HOGEL, an individual, and KEITH W. )<br>COLBURN, an individual, )<br> )<br>      Plaintiffs, )<br> )<br>      v. )<br> )<br>ANTHONY PELLICANO, an individual, )<br>JACQUELINE A. COLBURN, an )<br>individual, and DOES 1-50, inclusive, )<br> )<br>      Defendants. )<br> )<br> )<br> )<br> ) | CASE NO.: BC 381720 [Hon. Richard E. Rico, Dept. 17]<br><br>JURY VERDICT FORM NO. 1:<br><br>AFFIRMATIVE DEFENSE – STATUTE OF<br>LIMITATIONS |

1

JURY VERDICT RE: AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

Special Verdict Form:
Affirmative Defense – Statute of Limitations (as against Richard W. Colburn)

With regard to plaintiff Richard W. Colburn, we answer the questions submitted to us as follows:

1.    Did Jacqueline Colburn prove that Richard W. Colburn's claimed harm occurred before December 4, 2005?

_✓_ Yes ____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.    Did Richard W. Colburn prove that prior to December 4, 2005, he did not discover, and did not know of facts that would have caused a reasonable person to suspect, that he had suffered harm that was caused by someone's wrongful conduct?

____ Yes ____ No

Signed: _____
              Presiding Juror

Dated: ___10/19/12___

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Affirmative Defense – Statute of Limitations (as against Carol Colburn Grigor)

With regard to plaintiff Carol Colburn Grigor, we answer the questions submitted to us as follows:

1.    Did Jacqueline Colburn prove that Carol Colburn Grigor's claimed harm occurred before December 4, 2005?

_✓_ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.    Did Carol Colburn Grigor prove that prior to December 4, 2005, she did not discover, and did not know of facts that would have caused a reasonable person to suspect, that she had suffered harm that was caused by someone's wrongful conduct?

_✓_ Yes ____ No

Signed: _____
                Presiding Juror

Dated: ____10/14/12_____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Affirmative Defense – Statute of Limitations (as against Keith W. Colburn)

With regard to plaintiff Keith W. Colburn, we answer the questions submitted to us as follows:

1.      Did Jacqueline Colburn prove that Keith W. Colburn's claimed harm occurred before December 4, 2005?

___✓__ Yes _____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.      Did Keith W. Colburn prove that prior to December 4, 2005, he did not discover, and did not know of facts that would have caused a reasonable person to suspect, that he had suffered harm that was caused by someone's wrongful conduct?

___✓__ Yes _____ No

Signed: _____
                Presiding Juror

Dated: ___10/19/12_____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Affirmative Defense – Statute of Limitations (as against Colette McDougall)

With regard to plaintiff Colette McDougall, we answer the questions submitted to us as follows:

    1.    Did Jacqueline Colburn prove that Colette McDougall's claimed harm occurred before December 4, 2005?

    ___✓___ Yes   ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

    2.    Did Colette McDougall prove that prior to December 4, 2005, she did not discover, and did not know of facts that would have caused a reasonable person to suspect, that she had suffered harm that was caused by someone's wrongful conduct.

    ___✓___ Yes   ____ No

**If you answered "yes" to question 2 for any of the plaintiffs, proceed to the next set of jury verdict forms for each plaintiff for whom you answered yes to question 2.**

Signed: _____
               Presiding Juror

Dated: _____10/11/12_____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

# Exhibit 2



LOS A.... . 'S SUPERIOR COURT

OCT 1 9 2012

JOHN ... CLARE    ..... K
BY ANTONIO DIRAT/ KESHHU

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COLETTE McDOUGALL, an individual, ) <br> RICHARD W. COLBURN, an ) <br> individual, and CAROL COLBURN- ) <br> HOGEL, an individual, and KEITH W. ) <br> COLBURN, an individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANTHONY PELLICANO, an individual, ) <br> JACQUELINE A. COLBURN, an ) <br> individual, and DOES 1-50, inclusive, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> _____ ) | CASE NO.: BC 381720 [Hon. Richard E. Rico, Dept. 17] <br><br> JURY VERDICT FORM NO. 2: <br><br> VIOLATION OF STATUTE |

1

JURY VERDICT RE: VIOLATION OF STATUTE

Special Verdict Form:
Plaintiff Richard W. Colburn's Cause of Action for Violation of Statute

With regard to plaintiff Richard W. Colburn, we answer the questions submitted to us as follows:

1.    Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally eavesdrop on or record Richard W. Colburn's conversation by using an electronic device?

_✓_Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.    Did Richard W. Colburn have a reasonable expectation that the conversation was not being overheard or recorded?

_✓_Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

3.    Did Anthony Pellicano on behalf of Jacqueline Colburn have the consent of all parties to the conversation to eavesdrop on or record it?

____Yes _✓_ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

[continued on next page]

4.   How many of Richard W. Colburn's telephone communications to or from the telephone lines at 1120 La Collina Drive were eavesdropped upon, recorded, and/or wiretapped by Anthony Pellicano acting on Jacqueline Colburn's behalf?

Insert number of calls here: _____ ~~526~~ 289 _____

Next, take the number of calls you wrote as your answer to question 4, and multiply it by $5,000 to find the total amount of statutory penalty awardable to plaintiff Richard W. Colburn as follows:

_____ 289 _____   multiplied b y $5,000 = $ ___ 1,445,000.00 ___
(number of calls)                              (awarded to Richard W. Colburn)

Signed: _____
              Presiding Juror

Dated: ___ 10/19/12 ___

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Plaintiff Carol Colburn Grigor's Cause of Action for Violation of the Statute

With regard to plaintiff Carol Colburn Grigor, we answer the questions submitted to us as follows:

1.     Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally eavesdrop on or record Carol Colburn Grigor's conversation by using an electronic device?

  ✓ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.     Did Carol Colburn Grigor have a reasonable expectation that the conversation was not being overheard or recorded?

  ✓ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

3.     Did Anthony Pellicano on behalf of Jacqueline Colburn have the consent of all parties to the conversation to eavesdrop on or record it?

  _____ Yes  ✓ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

[continued on next page]

4.      How many of Carol Colburn Grigor's telephone communications to or from the telephone lines at 1120 La Collina Drive were eavesdropped upon, recorded, and/or wiretapped by Anthony Pellicano acting on Jacqueline Colburn's behalf?

Insert number of calls here: _____59_____

Next, take the number of calls you wrote as your answer to question 4, and multiply it by $5,000 to find the total amount of statutory penalty awardable to plaintiff Carol Colburn Grigor as follows:

_____59_____ multiplied by $5,000 = $ _____295,000.00_____
(number of calls)                                    (awarded to Carol Colburn Grigor)

Signed: _____
                    Presiding Juror

Dated: ____1/19/12____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Plaintiff Keith W. Colburn's Cause of Action for Violation of Statute

With regard to plaintiff Keith W. Colburn, we answer the questions submitted to us as follows:

1.    Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally eavesdrop on or record Keith W. Colburn's conversation by using an electronic device?

_✓_Yes ____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.    Did Keith W. Colburn have a reasonable expectation that the conversation was not being overheard or recorded?

_✓_Yes ____ No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

3.    Did Anthony Pellicano on behalf of Jacqueline Colburn have the consent of all parties to the conversation to eavesdrop on or record it?

____ Yes _✓_No

If your answer to question 3 is no, then answer question 4.  If you answered yes, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

[continued on next page]

4.    How many of Keith W. Colburn's telephone communications to or from the telephone lines at 1120 La Collina Drive were eavesdropped upon, recorded, and/or wiretapped by Anthony Pellicano acting on Jacqueline Colburn's behalf?

Insert number of calls here: __135__

Next, take the number of calls you wrote as your answer to question 4, and multiply it by $5,000 to find the total amount of statutory penalty awardable to plaintiff Keith W. Colburn as follows:

__135__ multiplied by $5,000 = $ __675,000.00__
(number of calls)                                    (awarded to Keith W. Colburn)

Signed: _____
              (Presiding Juror)

Dated: __10/19/12__

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Special Verdict Form:
Plaintiff Colette McDougall's Cause of Action for Violation of Statute

With regard to plaintiff Colette McDougall, we answer the questions submitted to us as follows:

1.     Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally eavesdrop on or record Colette McDougall's conversation by using an electronic device?

___✓ Yes ____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

2.     Did Colette McDougall have a reasonable expectation that the conversation was not being overheard or recorded?

___✓Yes ____ No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

3.     Did Anthony Pellicano on behalf of Jacqueline Colburn have the consent of all parties to the conversation to eavesdrop on or record it?

____Yes ___✓ No

If your answer to question 3 is no, then answer question 4.  If you answered yes, stop here, answer no further questions on this form, have the presiding juror sign and date this form, and then proceed to the next special verdict form.

[continued on next page]

4.    How many of Colette McDougall's telephone communications to or from the telephone lines at 1120 La Collina Drive were eavesdropped upon, recorded, and/or wiretapped by Anthony Pellicano acting on Jacqueline Colburn's behalf?

Insert number of calls here: ___176___

Next, take the number of calls you wrote as your answer to question 4, and multiply it by $5,000 to find the total amount of statutory penalty awardable to plaintiff Colette McDougall as follows:

___176___ multiplied b y $5,000 = $___880,000,00___
(number of calls)                              (awarded to Colette McDougall)

Signed: _____
                 Presiding Juror

Dated: ___6/19/12___

After all verdict forms have been signed, deliver this verdict form to the court attendant.

# Exhibit 3

OCT 19 2012

JOHN A. CLARK
BY ANTONIO OGIDA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COLETTE McDOUGALL, an individual, )<br>RICHARD W. COLBURN, an )<br>individual, and CAROL COLBURN- )<br>HOGEL, an individual, and KEITH W. )<br>COLBURN, an individual, )<br>)<br>　　　　Plaintiffs, )<br>)<br>)<br>　　v. )<br>)<br>ANTHONY PELLICANO, an individual, )<br>JACQUELINE A. COLBURN, an )<br>individual, and DOES 1-50, inclusive, )<br>)<br>　　　　Defendants. )<br>)<br>)<br>)<br>——————————————— ) | CASE NO.:  BC 381720 [Hon. Richard E. Rico, Dept. 17]<br><br>JURY VERDICT FORM NO. 3:<br><br>INVASION OF PRIVACY |

1

JURY VERDICT RE: INVASION OF PRIVACY

Verdict Form VF-1800: Privacy–Intrusion into Private Affairs (as to Richard W. Colburn)

---

We answer the questions submitted to us as follows:

1. Did Richard W. Colburn have a reasonable expectation of privacy in his telephone calls to and from the residence and home office of his father Richard D. Colburn?

　　✓ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2. Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally intrude in Richard W. Colburn's telephone calls to and from the residence and home office of his father Richard D. Colburn?

　　✓ Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3. Would Anthony Pellicano's intrusion on behalf of Jacqueline Colburn be highly offensive to a reasonable person?

　　✓ Yes ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4. Was Anthony Pellicano's conduct on behalf of Jacqueline Colburn a substantial factor in causing harm to Richard W. Colburn?

　　✓ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

[continued on next page]

5. What are Richard W. Colburn's damages?

Past noneconomic loss, including emotional distress: $  150,000.00

Signed: _____
                 Presiding Juror

Dated:  10/19/12

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Verdict Form VF-1800: Privacy–Intrusion into Private Affairs (as to Carol Colburn Grigor)

We answer the questions submitted to us as follows:

1. Did Carol Colburn Grigor have a reasonable expectation of privacy in her telephone calls to and from the residence and home office of her father Richard D. Colburn?

___✓___ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2. Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally intrude in Carol Colburn Grigor's telephone calls to and from the residence and home office of her father Richard D. Colburn?

___✓___ Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3. Would Anthony Pellicano's intrusion on behalf of Jacqueline Colburn be highly offensive to a reasonable person?

___✓___ Yes ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4. Was Anthony Pellicano's conduct on behalf of Jacqueline Colburn a substantial factor in causing harm to Carol Colburn Grigor?

___✓___ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

[continued on next page]

5. What are Carol Colburn Grigor's damages?

Past noneconomic loss, including emotional distress: $ _____150,000.00_____

Signed: _____
                    Presiding Juror

Dated: ___6/19/12_____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Verdict Form VF-1800: Privacy—Intrusion into Private Affairs (as to Keith W. Colburn)

We answer the questions submitted to us as follows:

1. Did Keith W. Colburn have a reasonable expectation of privacy in his telephone calls to and from the residence and home office of his father Richard D. Colburn?

_✓_ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2. Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally intrude in Keith W. Colburn's telephone calls to and from the residence and home office of his father Richard D. Colburn?

_✓_ Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3. Would Anthony Pellicano's intrusion on behalf of Jacqueline Colburn be highly offensive to a reasonable person?

_✓_ Yes ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4. Was Anthony Pellicano's conduct on behalf of Jacqueline Colburn a substantial factor in causing harm to Keith W. Colburn?

_✓_ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

[continued on next page]

5. What are Keith W. Colburn's damages?

Past noneconomic loss, including emotional distress: $ ___150,000.00___

Signed: _____
            Presiding Juror

Dated: ___10/19/12_____

After all verdict forms have been signed, deliver this verdict form to the court attendant.

Verdict Form VF-1800: Privacy–Intrusion into Private Affairs (as to Colette McDougall)

We answer the questions submitted to us as follows:

1. Did Colette McDougall have a reasonable expectation of privacy in her telephone calls to and from the residence and home office of her  Richard D. Colburn?

   ✓ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2. Did Anthony Pellicano on behalf of Jacqueline Colburn intentionally intrude in Colette McDougall's telephone calls to and from the residence and home office of her employer Richard D. Colburn?

   ✓ Yes ____ No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3. Would Anthony Pellicano's intrusion on behalf of Jacqueline Colburn be highly offensive to a reasonable person?

   ✓ Yes ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4. Was Anthony Pellicano's conduct on behalf of Jacqueline Colburn a substantial factor in causing harm to Colette McDougall?

   ✓ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

[continued on next page]

5. What are Colette McDougall's damages?

Past noneconomic loss, including emotional distress: $ _150,000.⁰⁰_

11—1

Signed: _____
                Presiding Juror

Dated: ___10/19/12___

After all verdict forms have been signed, deliver this verdict form to the court attendant.

# Exhibit 4

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 19 2012

JOHN A. CLARKE, CLERK

BY ANTONIO ORTIZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COLETTE McDOUGALL, an individual, RICHARD W. COLBURN, an individual, and CAROL COLBURN-HOGEL, an individual, and KEITH W. COLBURN, an individual, <br><br> Plaintiffs, <br> v. <br><br> ANTHONY PELLICANO, an individual, JACQUELINE A. COLBURN, an individual, and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: BC 381720 <br><br> [Assigned to Judge Richard E. Rico, Dept. 17] <br><br> [PROPOSED] JUDGMENT AGAINST JACQUELINE A. COLBURN BASED ON JURY VERDICTS AND DEFAULT JUDGMENT AGAINST ANTHONY PELLICANO |

1

[PROPOSED] JUDGMENT AGAINST JACQUELINE A. COLBURN BASED ON JURY
VERDICTS AND DEFAULT JUDGMENT AGAINST ANTHONY PELLICANO

1    This action came on regularly for trial against defendant Jacqueline A. Colburn on

2    October 9, 2012, in Department 17 of the Superior Court, the Hon. Richard E. Rico Judge

3    presiding; the plaintiffs Colette McDougall, Richard W. Colburn, Carol Colburn Grigor (f/k/a

4    Carol Colburn Hogel), and Keith W. Colburn (collectively, "Plaintiffs") appearing by attorneys

5    Lawrence Segal and Wayne D. Skigen of Segal Skigen LLP, and the defendant Jacqueline A.

6    Colburn appearing by attorneys Stanley W. McKiernan and Elham Ghaemmaghami of the

7    McKiernan Law Firm and attorney David J. Mirback of the Mirback Law Firm.

8    A jury was regularly impaneled and sworn. Witnesses were sworn and testified.

9    Evidence and arguments of counsel were presented, the jury was duly instructed by the Court,

10    and the causes of action were submitted to the jury (with directions to return verdicts on special

11    issues). The jury deliberated and thereafter returned into court with its verdicts on three verdict

12    forms, finding that Plaintiffs' claims were not barred by the statute of limitations, that Jacqueline

13    A. Colburn was liable to each of the Plaintiffs on their cause of action for common law invasion

14    of privacy, and that Jacqueline A. Colburn was liable to each of the Plaintiffs on their statutory

15    cause of action for invasion of privacy pursuant to California Penal Code §§ 637.2(a).

16    As to defendant Anthony Pellicano, the Court finds that Anthony Pellicano was properly

17    served with a copy of the Summons on First Amended Complaint and First Amended Complaint

18    filed by Plaintiffs in this action, that Anthony Pellicano failed to answer the First Amended

19    Complaint or appear and defend the action within the time allowed by law, and that Anthony

20    Pellicano's default was entered by the clerk upon Plaintiffs' application.

21    In connection with the requested default judgment against Anthony Pellicano, the Court

22    considered: (a) Plaintiffs' Request for Entry of Default Judgment; (b) Plaintiffs' Summary of

23    Case in Support of Entry of Default Judgment Against Anthony Pellicano; and (c) the testimony

24    given and the exhibits admitted into evidence at the trial of Jacqueline Colburn (in lieu of

25    additional declarations, affidavits or live testimony duplicative of said trial testimony and

26    evidence), and (d) other items of which Plaintiffs requested that the Court consider and/or take

27    judicial notice.

28    It appearing by reason of said verdicts and said evidence that each of the Plaintiffs is

2

[PROPOSED] JUDGMENT AGAINST JACQUELINE A. COLBURN BASED ON JURY

1    entitled to judgment in his or her favor and against defendants Jacqueline A. Colburn and

2    Anthony Pellicano,

3        NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

4        1.    Plaintiff Richard W. Colburn shall have judgment against, and shall recover from,

5    defendants Jacqueline A. Colburn and Anthony Pellicano, jointly and severally, the sum of

6    $1,595,000, with interest thereon at the rate of ten percent (10%) per annum from the date of the

7    entry of this judgment until paid;

8        2.    Plaintiff Carol Colburn Grigor (formerly known as Carol Colburn Hogel) shall

9    have judgment against, and shall recover from, defendants Jacqueline A. Colburn and Anthony

10    Pellicano, jointly and severally, the sum of $445,000, with interest thereon at the rate of ten

11    percent (10%) per annum from the date of the entry of this judgment until paid;

12        3.    Plaintiff Keith W. Colburn shall have judgment against, and shall recover from,

13    defendants Jacqueline A. Colburn and Anthony Pellicano, jointly and severally, the sum of

14    $825,000, with interest thereon at the rate of ten percent (10%) per annum from the date of the

15    entry of this judgment until paid;

16        4.    Plaintiff Colette McDougall shall have judgment against, and shall recover from,

17    defendants Jacqueline A. Colburn and Anthony Pellicano, jointly and severally, the sum of

18    $1,030,000, with interest thereon at the rate of ten percent (10%) per annum from the date of the

19    entry of this judgment until paid; and

20        5.    Plaintiffs shall have judgment against, and shall recover from, defendants

21    Jacqueline A. Colburn and Anthony Pellicano, jointly and severally, the additional sum of

22    $77,343.29, for recoverable costs and disbursements.

23

24

25    DATED: _____    BY: _____
                                Hon. Richard R. Rico
26                              Judge of the Superior Court

27

28

3

**[PROPOSED] JUDGMENT AGAINST JACQUELINE A. COLBURN BASED ON JURY**